## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| N5 TECHNOLOGIES LLC, | § |
| | § |
| Plaintiff, | §   C.A. NO. 1:15-cv-1310-CMH-MSN |
| | § |
| v. | § |
| | §   **JURY TRIAL DEMANDED** |
| SUNTRUST BANKS, INC. and | § |
| SUNTRUST BANK, | § |
| | § |
| Defendants. | § |

### SUNTRUST BANKS, INC.'S AND SUNTRUST BANK'S
### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COME NOW Defendants and Counterclaim-Plaintiffs SunTrust Banks, Inc. and

SunTrust Bank ("SunTrust"), by and through their attorneys, and for their Answer to Plaintiff N5

Technologies LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint"), hereby

responds to the numbered paragraphs of the Complaint, and in so doing denies the allegations of

the Complaint except as specifically admitted herein.

### PARTIES

1.     SunTrust is without sufficient knowledge or information to form a belief as to the

truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies each and

every allegation set forth therein.

2.     SunTrust admits that SunTrust Banks, Inc. is incorporated in the State of Georgia.

SunTrust further admits that SunTrust Banks, Inc. maintains a principal office address in Atlanta,

Georgia.  SunTrust further admits that SunTrust Banks, Inc. may be served through its registered

agent, Corporation Service Company, at 40 Technology Pkwy., South, #300, Gwinnett,

Norcross, GA 30092. Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 2 of the Complaint.

3.      SunTrust admits that SunTrust Bank is a state chartered bank and conducts business in this District. SunTrust further admits that SunTrust Bank maintains a principal office address at 303 Peachtree St., NE, Atlanta, GA, 30308. SunTrust further admits that SunTrust Bank may be served through its registered agent, Corporation Service Company, at 40 Technology Pkwy., South, #300, Gwinnett, Norcross, GA 30092 or at Bank of America Center – 16th Floor, 1111 East Main Street, Richmond, VA 23219. Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 3 of the Complaint.

4.      SunTrust admits that U.S. Patent No. 7,197,297 ("Asserted Patent") is entitled "Authentication Method for Enabling a User of a Mobile Station to Access to Private Data or Services." SunTrust is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint and, therefore, denies each and every remaining allegation set forth therein. Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 4 of the Complaint.

5.      SunTrust admits that SunTrust Bank makes certain banking services available to its customers, some of whom are resident in the United States of America and/or this District, including a "text banking" service whereby a customer who enables "text banking" may use text message commands to: (i) coordinate receiving the customer's available balance for SunTrust Bank checking, savings and credit card accounts; (ii) coordinate receiving the customer's transaction history for the SunTrust Bank account specified; (iii) coordinate receiving information on nearby SunTrust Bank automated teller machines; (iv) coordinate receiving information on nearby SunTrust Bank branches; (v) coordinate receiving a list of all valid "text

banking" commands; (vi) contact the SunTrust Bank mobile banking helpline; and/or (vii) stop

"text banking" services. SunTrust expressly denies that: (a) the "text banking" services used by

SunTrust Bank allows its customers to "perform certain banking transactions" as alleged in

Paragraph 5 of the Complaint; (b) the "text banking" services SunTrust Bank uses infringes upon

any valid and enforceable claim of the Asserted Patent; and (c) SunTrust Banks, Inc. is in the

business of providing certain banking services to any customers, including any "text banking"

service. To the extent Plaintiff alleges that SunTrust Banks, Inc. provides certain banking

services to customers, including a "text banking" service, SunTrust expressly denies that any

such alleged "text banking" service infringes upon any patentable, valid, and enforceable claim

of the Asserted Patent. Except as expressly admitted herein, SunTrust denies each and every

other allegation set forth in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      SunTrust admits that the Complaint alleges patent infringement under 35 U.S.C.

§§ 1 *et seq.*, and expressly denies that it has infringed, directly, indirectly, contributorily, by

inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable

claim of the Asserted Patent. Except as expressly admitted herein, SunTrust denies each and

every other allegation set forth in Paragraph 6 of the Complaint.

7.      SunTrust admits that the Court has subject matter jurisdiction over this matter

pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, SunTrust

denies each and every other allegation set forth in Paragraph 7 of the Complaint.

8.      SunTrust admits that this Court has personal jurisdiction over SunTrust Banks,

Inc. and SunTrust Bank. SunTrust admits that SunTrust Bank does business in this District.

SunTrust admits that SunTrust Bank makes available certain banking services to customers

located in this District, maintains branches in the Commonwealth of Virginia and in this District, and maintains a website available on the World Wide Web with an Internet address resolving at the Uniform Resource Locater ("URL") www.suntrust.com. SunTrust expressly denies that it has "two hundred twelve (212) branch locations in this state" as alleged in Paragraph 8 of the Complaint. SunTrust expressly denies that it has made, used, offered for sale, sold, and/or imported any products or services, in the Commonwealth of Virginia or this District or elsewhere, that have infringed, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable claim of the Asserted Patent. Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 8 of the Complaint.

9.     SunTrust expressly denies that it has made, used, offered for sale, sold, and/or imported any products or services, in the Commonwealth of Virginia or this District or elsewhere, that have infringed, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable claim of the Asserted Patent. SunTrust admits that certain information concerning SunTrust Bank's "Text Banking" service is provided at SunTrust Bank branch locations and at SunTrust Bank's website available on the World Wide Web with an Internet address resolving at the URL www.suntrust.com/personal-banking/EverydayBanking/MobileBanking/TextBanking. SunTrust is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint and, therefore, denies each and every remaining allegation set forth therein. Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 9 of the Complaint.

10.     SunTrust admits that venue is proper in this district pursuant to 28 U.S.C.

§§ 1391(b)-(c) and 1400(b).  SunTrust admits that SunTrust Bank does business in this District.

SunTrust expressly denies that it has made, used, offered for sale, sold, and/or imported any

products or services, in the Commonwealth of Virginia or this District or elsewhere, that have

infringed, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or

otherwise, any patentable, valid, and enforceable claim of the Asserted Patent.  Except as

expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph

10 of the Complaint.

### COUNT I - ALLEGED INFRINGEMENT OF THE ASSERTED PATENT

11.     SunTrust hereby repeats and incorporates by reference each of its answers to

Paragraphs 1 through 10 of the Complaint as if fully set forth and restated herein.

12.     SunTrust admits that the Asserted Patent issued on March 27, 2007.  SunTrust

denies that the application that resulted in the Asserted Patent was properly examined and/or

issued.  SunTrust admits that the Asserted Patent identifies Colin Myles and Richard Owen as

alleged inventors and that the patent was allegedly assigned to Schlumberger Technology

Corporation.  SunTrust admits that what purports to be a copy of U.S. Patent No. 7,197,297 B2

was attached as Exhibit A to the Complaint.  SunTrust is without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12

of the Complaint and, therefore, denies each and every other allegation set forth therein.  Except

as expressly admitted herein, SunTrust denies each and every other allegation set forth in

Paragraph 12 of the Complaint.

13.     Denied.

14.     SunTrust expressly denies that it has made, used, offered for sale, sold, and/or imported any products or services, in the Commonwealth of Virginia or this District or elsewhere, that have infringed, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable claim of the Asserted Patent. SunTrust states that the Asserted Patent speaks for itself and denies that the language used by Plaintiff in Paragraph 14 of the Complaint is present in the Asserted Patent. On information and belief, SunTrust further states that "a system by which account information is obtained by sending a text-based request that includes a user unique identifier and receiving a text-based response in return," as alleged in Paragraph 14 of the Complaint: (i) constitutes an unpatentable abstract idea; (ii) was not novel at the time of the applicant's alleged conception and/or reduction to practice of the alleged invention of the Asserted Patent; and/or (iii) would have been obvious to a person having ordinary skill in the art at the time of the alleged invention of the Asserted Patent. SunTrust is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint and, therefore, denies each and every other allegation set forth therein. Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 14 of the Complaint.

15.     Denied.

16.     Denied.

17.     Denied.

18.     SunTrust admits that it first learned of Plaintiff's allegations in connection with Plaintiff's service of its Complaint. SunTrust expressly denies that it has made, used, offered for sale, sold, and/or imported any products or services, in the Commonwealth of Virginia or this

District or elsewhere, that have infringed, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable claim of the Asserted Patent.  Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 18 of the Complaint.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.  SunTrust denies any similarity between the claims of the Asserted Patent and "text banking" services offered by SunTrust Bank, let alone the "striking similarity" alleged by Plaintiff in Paragraph 22 of the Complaint.  SunTrust denies that the claims of the Asserted Patent are limited to "provid[ing] access to account information by sending a text-based request that includes a user unique identifier and providing the account information in a text-based response" as alleged by Plaintiff in Paragraph 22 of the Complaint.  SunTrust states that the Asserted Patent speaks for itself.  Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 22 of the Complaint.

23.     SunTrust expressly denies that it has made, used, offered for sale, sold, and/or imported any products or services, in the Commonwealth of Virginia or this District or elsewhere, that have infringed, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable claim of the Asserted Patent.  SunTrust is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every other allegation set forth therein.  Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 23 of the Complaint.

24.     SunTrust expressly denies that it has made, used, offered for sale, sold, and/or imported any products or services, in the Commonwealth of Virginia or this District or elsewhere, that have infringed, directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately or otherwise, any patentable, valid, and enforceable claim of the Asserted Patent. SunTrust expressly denies that Plaintiff has been damaged, injured, harmed, or irreparably harmed by SunTrust's alleged infringement of the Asserted Patent. SunTrust acknowledges that Plaintiff has made a request for monetary damages, and expressly denies that Plaintiff is entitled to any such award, alleged damages, reasonable royalty, increased damages, fees, interests, costs, or other recovery in this case. Except as expressly admitted herein, SunTrust denies each and every other allegation set forth in Paragraph 24 of the Complaint.

## PRAYER FOR RELIEF

SunTrust denies that Plaintiff is entitled to any of the relief that has been requested against SunTrust.

## JURY DEMAND

SunTrust acknowledges that Plaintiff has requested a jury trial.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional defenses thereto, SunTrust asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise rest with Plaintiff. SunTrust expressly reserves the right to further amend its Answer and Affirmative Defenses as additional information becomes available and/or is otherwise discovered:

### First Affirmative Defense

25.     Plaintiff fails to state a claim against SunTrust upon which relief may be granted.

### Second Affirmative Defense

26.     Upon information and belief, SunTrust states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

27.     Upon information and belief, SunTrust states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppel, laches, and/or acquiescence.

### Fourth Affirmative Defense

28.     Upon information and belief, by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application that matured into the Asserted Patent, and in particular, the applicants and/or their representative(s) and/or agent's remarks, representations, concessions, amendments and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that SunTrust has infringed upon any of the claims of the Asserted Patent.

### Fifth Affirmative Defense

29.     Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by SunTrust, or any services offered for sale, sold and/or used by

SunTrust, which are alleged to infringe any of the claims of the Asserted Patent to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of the Asserted Patent have not complied with the notice requirements of 35 U.S.C. § 287.

### Sixth Affirmative Defense

30.    SunTrust has not made, used, imported, offered for sale or sold in the United States any product or service which would have infringed any patentable, valid, and/or enforceable claim of the Asserted Patent.

### Seventh Affirmative Defense

31.    Upon information and belief, any claims asserted by Plaintiff against SunTrust are barred on the grounds of unclean hands, which has resulted in extreme prejudice and detriment to SunTrust.

### Eighth Affirmative Defense

32.    Upon information and belief, SunTrust states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, for one or more of the following reasons, as well as others hereinafter set forth or which SunTrust may hereafter discover or otherwise become informed:

(a)    The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b)    The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c)    The alleged invention(s) was/were patented or described in a printed publication

in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d)     The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)     The patentee(s) did not himself/themselves invent the subject matter claimed;

(f)     The patentee(s) abandoned the alleged invention(s);

(g)     Before the alleged invention(s) was/were made by the patentee(s), said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)     The difference between the subject matter sought to be patented in the Asserted Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)     The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)     The Asserted Patent does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them, and, further, does not set forth the best mode contemplated by the alleged inventor(s) of carrying out the alleged invention(s); and

(k)     The claims of the Asserted Patent do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

## Ninth Affirmative Defense

33.     SunTrust states that it has not infringed, contributed to the infringement of, and/or induced the infringement of, any patentable, valid, and enforceable claim of the Asserted Patent.

## Tenth Affirmative Defense

34.     Upon information and belief, SunTrust states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patent to be infringed by any products or services made, used, offered for sale, sold, or imported by SunTrust.

## Eleventh Affirmative Defense

35.     SunTrust denies that Plaintiff is entitled to any of the relief requested against SunTrust.

## Twelfth Affirmative Defense

36.     Any claims of the Asserted Patent that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that SunTrust has not infringed, and does not infringe, upon any such claims.

## Thirteenth Affirmative Defense

37.     Upon information and belief, SunTrust states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patent is directed to unpatentable subject matter.

### Fourteenth Affirmative Defense

38.     Plaintiff is not entitled to injunctive relief, as Plaintiff has not and will not suffer irreparable harm and has an adequate remedy at law.

### Fifteenth Affirmative Defense

39.     Upon information and belief, SunTrust states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the doctrine of patent exhaustion.

### Sixteenth Affirmative Defense

40.     Upon information and belief, SunTrust states that Plaintiff is wholly or partially barred from the relief that it seeks based on actual and/or implied license.

### Seventeenth Affirmative Defense

41.     Plaintiff's claims are barred, in whole or in part, for failure to comply with the requirements of 35 U.S.C. § 286.

### Eighteenth Affirmative Defense

42.     To the extent that Plaintiff asserts that SunTrust is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patent, either by contributory infringement or inducement of infringement, SunTrust is not liable to Plaintiff for the acts alleged to have been performed before SunTrust knew that the actions would allegedly cause indirect infringement.

### Nineteenth Affirmative Defense

43.     Although Plaintiff has neither plead nor alleged joint infringement, to the extent that Plaintiff asserts that SunTrust jointly infringes any claim(s) of the Asserted Patent, as a result of SunTrust's actions with any SunTrust customer(s) and/or any other actions, SunTrust is not liable to Plaintiff for the acts alleged to have been performed, whether with customers and/or with other third-parties, where SunTrust did not direct or control the others' performance and/or where SunTrust and the others did not form a joint enterprise.

### Twentieth Affirmative Defense

44.     Upon information and belief, SunTrust states that the Asserted Patent is unenforceable and/or invalid due to the doctrine of patent misuse.

### Twenty-First Affirmative Defense

45.     Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorney's fees.

### Twenty-Second Affirmative Defense

46.     Upon information and belief, by reason of the proceedings in the United States District Court for the Eastern District of Virginia, Alexandria Division, during *N5 Technologies LLC v. Capital One, N.A., et al.*, C.A. No. 1:13-cv-00386-TSE-TCB, and in particular, the Plaintiff's and/or its representative(s), attorney(s) and/or agent's remarks, representations, contentions, argument, concessions, amendments and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that SunTrust has infringed upon any of the claims of the Asserted Patent.

### Twenty-Third Affirmative Defense

47.     Upon information and belief, by reason of the proceedings in the United States District Court for the Eastern District of Virginia, Norfolk Division, during *N5 Technologies LLC v. CitiGroup Inc. and CitiBank, National Association*, C.A. No. 2:14-cv-00242-HCM-TEM, and in particular, the Plaintiff's and/or its representative(s), attorney(s) and/or agent's remarks, representations, contentions, argument, concessions, amendments and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that SunTrust has infringed upon any of the claims of the Asserted Patent.

WHEREFORE, SunTrust denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.   Dismissing Plaintiff's Complaint against SunTrust, with prejudice;

B.   Finding that SunTrust has not infringed upon any of the claims of the Asserted Patent;

C.   Finding that each claim of the Asserted Patent is unpatentable;

D.   Finding that each claim of the Asserted Patent is invalid;

E.   Finding that each claim of the Asserted Patent is unenforceable;

F.   Permanently enjoining Plaintiff and/or any of its respective officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the Asserted Patent against SunTrust, or any of its customers, agents, successors and assigns;

G.   Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding SunTrust its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

H.   Awarding to SunTrust such other and further relief as the Court may deem just and proper under the circumstances.

## COUNTERCLAIM

COME NOW Defendants and Counterclaim-Plaintiffs SunTrust Banks, Inc. and SunTrust Bank ("SunTrust"), by and through their attorneys, and for their Counterclaim against Plaintiff and Counterclaim-Defendant N5 Technologies LLC ("N5"), states as follows:

### Nature of Action

1.     This Counterclaim seeks, *inter alia*, a judgment declaring that the claims of U.S. Patent No. 7,197,297 (the "Asserted Patent") are invalid and/or not infringed by SunTrust.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under 38 U.S.C. §§ 1331 and 1338(a), and further under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

### The Parties

3.     SunTrust Banks, Inc. is a corporation incorporated in the State of Georgia, and maintains a principal office address at 303 Peachtree St., NE, Atlanta, GA 30308.

4.     SunTrust Bank is a state chartered bank and maintains a principal office address at 303 Peachtree St., NE, Atlanta, GA 30308.

5.     Upon information and belief, SunTrust states that Plaintiff and Counterclaim-Defendant N5 Technologies LLC is a limited liability company organized and existing under the laws of the Commonwealth of Virginia having a principal place of business and registered office at 10432 Balls Ford Road, Suite 300, Manassas, VA 20109.

## Acts Giving Rise to the Counterclaim

6.     On October 8, 2015, N5 commenced a civil lawsuit against SunTrust alleging that it infringed and is infringing upon one or more of the claims of the Asserted Patent.

7.     By such action, N5 has created an actual and justiciable case and controversy between itself and SunTrust concerning whether the Asserted Patent is patentable, valid, and/or enforceable, as well as whether SunTrust has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patent.

8.     SunTrust has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patent.

## COUNT ONE

### Declaratory Judgment of Unpatentability of U.S. Patent No. 7,197,297

9.     SunTrust incorporates by reference each and every allegation set forth in paragraphs 1 through 8 of this Counterclaim as if fully set forth and restated herein.

10.    Upon information and belief, all of the claims of U.S. Patent No. 7,197,297 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,197,297

11.    SunTrust incorporates by reference each and every allegation set forth in paragraphs 1 through 10 of this Counterclaim as if fully set forth and restated herein.

12.     Upon information and belief, all of the claims of U.S. Patent No. 7,197,297 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq*., for one or more of the following reasons, as well as others hereinafter set forth or which SunTrust may hereafter discover or otherwise become informed:

(a)     The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b)     The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c)     The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d)     The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)     The patentee(s) did not himself/themselves invent the subject matter claimed;

(f)     The patentee(s) abandoned the alleged invention(s);

(g)     Before the alleged invention(s) was/were made by the patentee(s), said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)     The difference between the subject matter sought to be patented in U.S. Patent No. 7,197,297 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in

18

the art to which said subject matter pertains;

(i)   The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)   U.S. Patent No. 7,197,297 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them, and, further, does not set forth the best mode contemplated by the alleged inventor(s) of carrying out the alleged invention(s); and

(k)   The claims of U.S. Patent No. 7,197,297 do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s); and

(l)   Each of the claims of U.S. Patent No. 7,197,297 is directed to unpatentable subject matter.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,197,297

13.   SunTrust incorporates by reference each and every allegation set forth in paragraphs 1 through 12 of this Counterclaim as if fully set forth and restated herein.

14.   Any claims of U.S. Patent No. 7,197,297 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that SunTrust has not infringed, and does not infringe, upon any such claims.

**JURY DEMAND**

Pursuant to Local Civil Rule 38 and Fed. R. Civ. P. 38, Defendants and Counterclaim-Plaintiffs SunTrust Banks, Inc. and SunTrust Bank demand a trial by jury on all issues so triable in this action.

WHEREFORE, Counterclaim-Plaintiffs SunTrust Banks, Inc. and SunTrust Bank respectfully pray that the Court enter judgment in their favor and award the following relief against Counterclaim-Defendant N5 Technologies LLC:

A.    Declare that SunTrust has not infringed upon any of the claims of U.S. Patent No. 7,197,297;

B.    Declare that each claim of U.S. Patent No. 7,197,297 is unpatentable;

C.    Declare that each claim of U.S. Patent No. 7,197,297 is invalid;

D.    Declare that each claim of U.S. Patent No. 7,197,297 is unenforceable;

E.    Permanently enjoin N5 Technologies LLC and its officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that SunTrust and/or any of its officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of U.S. Patent No. 7,197,297;

F.    Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding SunTrust its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G.    Awarding to SunTrust such other and further relief as the Court may deem

just and proper under the circumstances.

Dated:  December 11, 2015                    Respectfully submitted,

                                             **BRYAN CAVE LLP**

                                      By:    _____
                                             Rodney F. Page (Va. Bar # 12402)
                                             rfpage@bryancave.com
                                             Adam L. Shaw (Va. Bar # 89559)
                                             adam.shaw@bryancave.com
                                             Alec W. Farr (*pro hac vice* pending)
                                             awfarr@bryancave.com
                                             1155 F Street, N.W.
                                             Washington, D.C. 20004
                                             Tele. (202) 508-6000
                                             Facs. (202) 508 6200

                                             David A. Roodman (*pro hac vice* pending)
                                             daroodman@bryancave.com
                                             Nick E. Williamson (*pro hac vice* pending)
                                             nick.williamson@bryancave.com
                                             One Metropolitan Square
                                             211 N. Broadway, Suite 3600
                                             St. Louis, Missouri 63102
                                             Tele. (314) 259-2000
                                             Facs. (314) 259-2020

                                             ***ATTORNEYS FOR DEFENDANTS AND
                                             COUNTERCLAIM-PLAINTIFFS
                                             SUNTRUST BANKS, INC.
                                             AND SUNTRUST BANK***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via electronic mail

pursuant to operation of the Court's CM/ECF system this 11th day of December, 2015.  Any

other counsel of record will be served by facsimile transmission and/or first class mail.

Rodney F. Page